IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JUDITH E. HALLAM, OBO JEREMY N. BROWN, § § § § Plaintiff, § § v. § § WHITE SETTLEMENT POLICE § DEPARTMENT, § § Defendant. § | Civil Action No. 4:20-cv-00700-O-BP |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

In this case, Plaintiff, Judith E. Hallam, proceeds *pro se* "on behalf of" Jeremy N. Brown and asserts that she is his "mother and caregiver and personal assistant." ECF No. 1 at 2. Ms. Hallam also apparently serves as his attorney-in-fact, according to the durable power of attorney she attached to the Complaint. *Id.* at 15. The case was automatically referred to the undersigned pursuant to Special Order No. 3 on July 7, 2020. ECF No. 3.

On July 29, 2020, the undersigned entered an Order notifying Ms. Hallam that she could not proceed *pro se* in this case on behalf of Mr. Brown. ECF No. 5 at 2. The undersigned ordered Mr. Brown to obtain representation by a duly licensed and qualified attorney to prosecute this case on or before August 28, 2020, and ordering such attorney to file an entry of appearance by that date, or to file a pleading indicating that he is proceeding *pro se* and intends to represent himself in this case. *Id.* Alternatively, the undersigned ordered Ms. Hallam on or before August 28, 2020 to obtain representation by an attorney to represent her as next friend of Mr. Brown, and ordering such attorney to file an entry of appearance by that date, or to file a motion suggesting that a necessity exists for the appointment of a guardian for Mr. Brown under Rule 17(c) of the Federal

Rules of Civil Procedure. *Id.* Finally, the Order cautioned "Ms. Hallam and Mr. Brown that failure to comply with this Order will result in the undersigned's recommendation that this case be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or to comply with the Court's Order." *Id.* As of this date, neither Mr. Brown nor Ms. Hallam has taken the steps necessary to comply with the Court's Order.

The Court ordered Ms. Hallam and Mr. Brown to take specific action to proceed in this case and warned them that failure to do so might result in the undersigned's recommending that the case be dismissed for failure to prosecute or to comply with the Court's Order under Federal Rule of Civil Procedure 41(b). Mr. Brown and Ms. Hallam did not comply with the Court's Order. Under these circumstances, Plaintiff's Complaint should be dismissed.

Accordingly, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** Plaintiff's Complaint **WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or to comply with court orders.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d

1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** September 14, 2020.

                                                   Hal R. Ray, Jr.
                                                   UNITED STATES MAGISTRATE JUDGE